UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES VIRGIL WARD, III,

                Petitioner,              Case No. 2:19-cv-79

v.

SCOTT SPRADER,                         Honorable Gordon J. Quist

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

### I.    **Factual allegations**

Petitioner James Virgil Ward, III, is incarcerated with the Michigan Department of Corrections at the Alger Correctional Facility (LMF) in Munising, Michigan. On July 12, 2016, Petitioner pleaded *nolo contendere* in the Ingham County Circuit Court to altering, forging, or

falsifying a certificate of title, registration certificate, or registration plate in violation of Mich. Comp. Laws § 257.257. The vehicle at issue was a pickup truck that belonged to Petitioner's deceased father and the forgeries came to light through a probate dispute between Petitioner, on one side, and Petitioner's sister and stepbrother, on the other.

The Ingham County Circuit Court sentenced Petitioner on August 3, 2016, to 365 days in the Ingham County Jail. (8/3/2016 J. of Sentence, ECF No. 1-1, PageID.79.) Petitioner was credited for the 76 days he was housed in the jail awaiting criminal proceedings. The balance of his sentence was held in abeyance pending completion of 36 months of probation. Petitioner's sentence was bargained for as part of the plea agreement. (MDOC Presentence Investigation Report, ECF No. 1-1, PageID.104.) The parties apparently agreed that Petitioner would serve no jail time going forward, so long as he successfully completed the period of probation.

In the few weeks following his sentence hearing, Petitioner violated the terms of his probation several times. (MDOC Probation Violation Report, ECF No. 1-1, PageID.116-121.) He continued to have contact with and threaten his stepbrother, he failed to attend required meetings, and he failed to pay assessments as required. On November 14, 2016, the court found Petitioner guilty of contacting his stepbrother, and Petitioner entered a plea of guilty to the other violations. (Probation Violation Hr'g Tr., ECF No. 1-1, PageID.127-143.) The court then sentenced Petitioner to an indeterminate term of imprisonment of 26 to 60 months. (*Id*., PageID.141-142; 11/14/2016 J. of Sentence, ECF No. 1-1, PageID.77.)

Petitioner sought resentencing and to withdraw his plea. The trial court denied relief. Petitioner sought leave to appeal in the Michigan Court of Appeals and then the Michigan Supreme Court, arguing that the trial court could not impose that sentence based on judge-found facts and that the upward departure from the guidelines maximum minimum—from 17 months to

26 months—resulted in a sentence that violated the principle of proportionality. The Michigan Court of Appeals denied relief on July 7, 2017, for lack of merit in the grounds presented. (Mich. Ct. App. Order, ECF No. 1-1, PageID.183.) The Supreme Court denied relief by order entered January 3, 2018. (Mich. Order, ECF No. 1-1, PageID.185.)

Before the end of January 2018, Petitioner returned to the trial court. He filed motions collaterally attacking the validity of his plea and sentence. Petitioner's counsel withdrew and the trial court appointed new counsel. The court denied Petitioner's initial collateral attack. Petitioner filed additional motions. In the meantime, Petitioner's new counsel and the prosecutor stipulated to a reissuance of the initial judgment to permit Petitioner to timely present claims challenging his initial *nolo contendere* plea in the Michigan appellate courts. The trial court reissued the judgment on March 22, 2019. (3/22/2019 J. of Sentence, ECF No. 6-1, PageID.265.)

Petitioner's counsel has informed Petitioner that she will prepare his new application for leave to appeal to the Michigan Court of Appeals within the six-month period permitted under the Michigan Court Rules. (3/22/2019 Corr., ECF No. 6-1, PageID.264.) Nonetheless, on April 2, 2019, Petitioner filed his habeas corpus petition. The petition raises one ground for relief: the trial court judge violated Petitioner's Sixth and Fourteenth Amendment rights when she used facts neither admitted by Petitioner nor proven beyond a reasonable doubt to enhance Petitioner's sentence. (Pet., ECF No. 1, PageID.6.)

Petitioner also attached to his petition many of the motions and other documents he filed in the trial court as part of his collateral attacks on his plea and sentence. Those documents raise many additional issues.

Along with his petition, Petitioner filed a motion to stay these proceedings and hold them in abeyance. To assess the propriety of that relief, the Court ordered Petitioner to amend his

3

petition to state all of the issues he wants to raise in his habeas petition. (Order, ECF No. 5.) In response, Petitioner has sought an extension of the time to file his amendment. (Mot., ECF No. 6.) Petitioner seeks an extension to permit him to exhaust his as yet unidentified claims in the state court first. Thus, Petitioner's motion for an extension is, effectively, a reiteration of his request for a stay.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has exhausted only his "judge-found facts" claim in the state courts. He acknowledges that none of the other claims he might raise have been raised in the Michigan appellate courts.

4

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise his new issues. He may pursue his direct appeal of the reissued judgment of sentence dated March 22, 2019. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must apply for leave to appeal the reissued judgment of sentence to the Michigan Court of Appeals and then the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has one claim that is exhausted and proposes to add one or more new claims that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v.*

*Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 3, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on April 3, 2018.

Considering only § 2244(d)(1)(A), Petitioner would have had one year, until April 3, 2019, in which to file his habeas petition. Petitioner filed the instant petition on April 2, 2019, one day before expiration of the limitations period.

In this instance, however, the statute never began running because Petitioner filed multiple applications for state post-conviction review or other state collateral review. Those applications toll the statute of limitations during the entire period the applications are pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled, however, during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. Because Petitioner's applications for relief have not proceeded through all levels of the Michigan court system, the statute is tolled. It has not yet commenced running.

Moreover, even if the period of limitation had commenced running, when the Ingham County Circuit Court reissued the judgment on March 22, 2019, it reset the statute of limitations clock. As the Sixth Circuit explained in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016):

> "[t]he entry of a new judgment normally resets the statute-of-limitations clock" under § 2244(d)(1)(A). *Id.* at 159. . . [B]ecause "[t]he sentence is the judgment," *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (quotation omitted), a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment.

*Crangle*, 838 F.3d at 678.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his exhausted claim at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. The Court will deny Petitioner's motion for extension (ECF No. 6) as moot.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

The Court will enter an order and judgment consistent with this opinion.


Dated: June 14, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE